# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**LONNIE EDWARD SIMS, JR., #140701** **PETITIONER**

**VERSUS** **CIVIL ACTION NO. 2:08-cv-291-KS-MTP**

**JIM HOOD** **RESPONDENT**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PETITIONER'S COMPLAINT

The Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 and requested *in forma pauperis* status. In an order [3] entered January 7, 2009, Petitioner's application to proceed *in forma pauperis* was denied and Petitioner was ordered to pay the $5.00 filing fee, within fifteen days. The Petitioner was warned in this order that his failure to timely comply with the requirements of the order may result in the dismissal of his case. The Petitioner failed to comply with this order.

On April 7, 2009, an order [5] was entered directing the Petitioner to show cause, on or before April 21, 2009, why this case should not be dismissed for his failure to comply with the Court's January 7, 2009, order [3]. In addition, the Petitioner was directed to comply with the January 7, 2009, order [3], by paying the required filing fee on or before April 21, 2009. The Petitioner was warned in the show cause order that his failure to timely comply with the requirements of the order may result in the dismissal of his case without further notice. The Petitioner has not complied with the show cause order.

The Petitioner has failed to comply with any order of this Court to date. It is apparent from the Petitioner's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Petitioner has not complied with two Court orders and has not communicated with this Court since December 31, 2008. The Court concludes that dismissal of this action for Petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) is proper. Since the Respondent has never been called upon to respond to Petitioner's pleading, and has never appeared in this action, and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the 15th day of June, 2009.

                                            *s/Keith Starrett*
                                            UNITED STATES DISTRICT JUDGE